GLENVIEW STATE BANK, Plaintiff and Counterdefendant-Appellant, v. LEON SHYMAN, Defendant and Counterclaimant-Appellee.

First District (4th Division)    No. 85—2734

Opinion filed July 17, 1986.—Rehearing denied August 20, 1986.

O'Brien, O'Rourke, Hogan & McNulty, of Chicago (Frederic G. Hogan and Michael Gilman, of counsel), for appellant.

Carrane, Zwirn & Freifeld, of Chicago (Debra C. Price and Robert A. Carrane, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

This is an appeal by Glenview State Bank, plaintiff and counterdefendant, from a trial court order finding that the interest of Leon Shyman, defendant and counterclaimant, in condominium Unit A of Lakeshore Terrace has priority over two construction-loan mortgages executed subsequent to the conveyance of Unit A, but recorded before the recordation of the deed as to Unit A. Whether the trial court erred in finding that Shyman's interest is free and clear of Glenview State Bank's claim of priority depends upon whether Glenview State Bank

had notice of Shyman's interest at the time it executed the mortgages.

This action arose when Glenview State Bank filed a complaint to foreclose two mortgages on Lakeshore Terrace, Inc. Lakeshore Terrace was the mortgagor and the proceeds of the loan were to be used for the construction of the condominiums within the Lakeshore Terrace development. The mortgages were executed on March 28, 1981, and August 25, 1981, and were recorded on April 20, 1981, and August 31, 1981, respectively. In response to Glenview State Bank's complaint, Shyman filed an answer and counterclaim in which he argued that Glenview State Bank had knowledge of his previously acquired interest in Unit A. This issue raised by the counterclaim was resolved by a bench trial.

At trial Shyman testified that in November of 1980 he signed a contract to purchase Unit R from Lakeshore Terrace. Thereafter Shyman was informed that Unit R was not available but that he could choose from one of the other condominium units. Shyman chose Unit A. However, that unit was also tentatively under agreement to be purchased. Nevertheless, Shyman testified that he and James Howard, president and developer of Lakeshore Terrace, orally agreed that if Unit A became available, and if Shyman contracted for Unit F and paid for Unit F, Shyman would be able to obtain Unit A. Although the parties entered into a contract for Unit F, no contract existed with respect to Unit A. It is important to note that the contract for Unit F contained a rider which provided that if the seller conveyed a unit prior to substantial completion, the title to that unit would be subject to the construction-loan mortgage. This rider was also in the contracts used with regard to other units that had been sold before substantial completion.

In February of 1981 Shyman tendered the agreed-upon purchase price for Unit F and in return received a receipt which acknowledged the amount paid and recited that Units A through F could be selected at a later date. Soon thereafter Unit A was in fact conveyed to Shyman. The deed for Unit A was dated January 30, 1981, and was recorded on November 18, 1982, one year and three months after the mortgages. After the condominium unit was completed Shyman took possession of Unit A and began renting that unit.

With regard to the loans issued by Glenview State Bank, it was the opinion of Shyman's expert that because Glenview State Bank had knowledge that other condominium units had been presold the bank had inquiry notice of Shyman's interest in Unit A. Shyman argued that this inquiry notice would charge Glenview State Bank with notice of all facts that a diligent investigation or inquiry would have revealed and

that in this case the investigation would have revealed Shyman's interest in Unit A. This also was the rationale underlying the trial court's decision. We disagree, however, that the evidence supports a finding that Glenview State Bank was put on notice of any prior interest in Unit A.

■■ The contention in this case is that Glenview State Bank must be charged with inquiry notice of the prior unrecorded conveyance of Unit A. A person will be charged with notice when that person has knowledge of facts or circumstances that would cause a person of prudence to make further inquiry. If that person does not investigate further he or she will be charged with notice of any facts that may have been discovered by the inquiry. *Bryant v. Lakeside Galleries, Inc.* (1949), 402 Ill. 466, 478, 84 N.E.2d 412; *Burnex Oil Co. v. Floyd* (1969), 106 Ill. App. 2d 16, 24, 245 N.E.2d 539.

■■ In this case there was no documentation available to Glenview State Bank that would have placed it on notice that some interest in Unit A was affected. Although there were presale contracts pertaining to other units of Lakeshore Terrace of which Glenview State Bank had knowledge, no contract existed with regard to Unit A. Moreover, these other contracts made no reference to Unit A or to any fact that would have caused Glenview State Bank to inquire further into any potential interest in Unit A. On the contrary, these contracts would have caused one to believe that no further investigation was required as the rider specifically states that if the seller conveyed any of the units prior to substantial completion, as was done in this case, those units would be subject to the construction-loan mortgages. We believe that Glenview State Bank had a right to rely on this provision and was under no duty to contact each presale purchaser to ascertain whether the terms of the contracts had been altered. To conclude otherwise would place an undue burden of inquiry on prospective purchasers and mortgagees. Consequently, we believe that the trial court's finding that Glenview State Bank had notice was against the manifest weight of the evidence and therefore must be reversed. *Stephenson v. Kulichek* (1951), 410 Ill. 139, 147, 101 N.E.2d 542; *Willett Motor Coach Co. v. Board of Education* (1981), 103 Ill. App. 3d 760, 768, 431 N.E.2d 1190.

For the foregoing reasons the order of the trial court declaring Shyman to be the owner in fee simple of Unit A free and clear of any claims of priority of Glenview State Bank as mortgagee is reversed.

Reversed.

JOHNSON and McMORROW, JJ., concur.